William ROHAN, Respondent,

v.

Herbert V. LARSON, d/b/a the Colonel's Court, Appellant.

No. KCD 26817.

Missouri Court of Appeals, Kansas City District.

Dec. 30, 1974.

W. C. Whitlow, D. James Mariea, Whitlow, Riley & Mariea, Fulton, for appellant.

Roger D. Hines, Columbia, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

WASSERSTROM, Judge.

Plaintiff seeks recovery for the value of his personal property which was damaged in a conflagration of defendant's building on July 9, 1965. After a trial without a jury, the court awarded plaintiff damages of $1,571.90, from which defendant appeals.

Plaintiff's property had been stored in defendant's building under an arrangement by which plaintiff paid defendant $7.50 per month. Plaintiff's property, so stored, occupied only a portion of the space within the building, and defendant used the balance of the building for other purposes, including the sale of fireworks in late June and early July immediately before the fire.

On the day of the fire, defendant's twelve-year old son and the son's friend of about the same age had been taking inventory of defendant's firework supply. Late in the afternoon, defendant left on a business call. At that time the two boys were shooting off fireworks 75 to 100 feet away from the building. In defendant's absence, his son was empowered to make sales and was "more or less left in charge."

While defendant was gone, the boys ran out of fireworks and went inside the building to get more. While the son was bending down underneath a table to put up the cash box, the friend lit a punk from which certain skyrockets located on the table became ignited. These skyrockets in turn ignited other fireworks, and a general fire within the building quickly went out of control.

Plaintiff testified as to the specific items of equipment and property which he had stored within the building and testified that all of this property had been destroyed. He testified as to valuation of the various items, which valuation was accepted by the trial court in full.

Defendant assigns as error: (1) the acceptance of plaintiff's testimony as to valuation; (2) the imposition of any liability on the theory that defendant was a warehouseman; and (3) the imposition of any liability on the theory that defendant was negligent. The second and third of those points may be discussed together and disposed of rather summarily.

■ Plaintiff's theory concerning defendant's liability is not confined to a contention that defendant was a warehouseman. Rather, plaintiff proceeds on the theory that defendant is liable under general principles of negligence. The facts here fully support plaintiff's position. Defendant left the premises in charge of a very young son, knowing that stored in the building were highly inflammable and explosive fireworks. Defendant also knew that these fireworks were highly attractive to his son and the son's friend, and in fact the boys were actually shooting off fireworks when defendant left. The trial court could reasonably find under these circumstances that defendant was negligent in leaving the premises in the unsupervised control of these boys. That conclusion, not being clearly erroneous, cannot be disturbed on this appeal. Rule 73.01(d), V.A.M.R.

■ Turning now to the question of damages, defendant argues that plaintiff used an incorrect basis for valuation, in that plaintiff applied new cost value to this used equipment. However, the questions asked by plaintiff's counsel and plaintiff's answers made it perfectly clear that plaintiff was "referring to the reasonable market value as of July 9, 1965, the date of the fire" and that by the term "reasonable market value" plaintiff meant "what you would get for anything should you sell it where the buyer, the seller would not have to sell, the buyer would not have to buy." That, although awkwardly worded, states the correct standard of valuation to be applied. Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S.W.2d 903, 910 (1933);

Emery Bird Thayer Dry Goods Co. v. J. C. Nichols Co., 427 S.W.2d 492, 497 (Mo. banc 1968). Furthermore, plaintiff as owner of the property was competent to testify as to valuation. Resolute Insurance Co. v. Morgan Drive-Away, Inc., 403 S.W.2d 913, 921 (Mo.App.1966).

■ True, plaintiff's valuation on many of the items was exactly equal to the original invoice cost. Thus, for example, plaintiff testified that a test and repair bench, which was by far the most expensive piece of equipment he lost in the fire, had a reasonable value immediately before the fire of $775.00; and that was exactly the amount which plaintiff had paid for this equipment on September 8, 1964. So, also, plaintiff testified that the next most expensive item, a hot cleaning vat, was worth $417.00 immediately before the fire, which was exactly the invoice cost of that item on September 8, 1964. However, plaintiff explained that these items had only been used for two months before being stored, he had incurred shipping charges and insurance in addition to the invoice cost, and plaintiff stated that the increasing cost of equipment since the time of his purchase had made this used equipment just as valuable at the time of the fire as when it was purchased new. This testimony was corroborated by new equipment quotations secured on July 12, 1966, showing that the cost price of these two items had advanced since the original acquisition date. The increase in the test and repair bench was particularly significant, being a jump from $775.00 to $856.00. This inflationary increase accords with general experience. Shaffer v. Kansas City Transit, Inc., 463 S.W.2d 606, 610 (Mo.App.1971).

A detailed discussion of each of the other items lost by plaintiff in the fire, most of which were of quite small dollar value, would unduly extend this opinion without yielding anything of precedential value. The evidence pertaining to each item has been examined, and the value given by plaintiff and accepted by the trial court is approved, with one minor exception. That

exception relates to certain welding tanks on which plaintiff had prepaid the rent for a period of 25 years, and with respect to which only 12 years of the lease term had expired at the time of the fire.

Plaintiff testified that a replacement of these tanks would cost $87.00 for a 25 year rental period. Arithmetically that results in a rental cost of $3.48 per year, and the total rental for the 13 year unexpired term of the original lease would be $45.24. That figure represents the fair market value of the unexpired portion of the lease, rather than the $50.00 testified by plaintiff and accepted by the trial court. The damages awarded plaintiff on this item were therefore excessive by $4.76.

Under the authority of Rule 84.14, the judgment is modified by reducing it from $1,571.90 to $1,567.14. As so modified, the judgment is affirmed. Costs are assessed against defendant.

All concur.